IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Greenbelt Division*

IN RE:
Eileen O'Tousa-Crowson

    Debtor
_____

Case No. 14-20407-PM

Capital One, N.A.
    Movant,

vs.

Chapter 13

Eileen O'Tousa-Crowson
    Debtor

### MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY LOCATED AT 217 HIGH TIMBER COURT, GAITHERSBURG, MARYLAND 20879

COMES NOW, Capital One, N.A. (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, moves for relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to Fed. R. Bankr. P. Rules 4001, 9014, and Maryland Local Bankr. Rule 4001-1, and respectfully represents as follows:

    1. Jurisdiction is based on 28 U.S.C. §§ 157 and 1334 of the United States Bankruptcy Code. The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362(d) and pursuant to Fed. Bank. Proc. Rules 9013 and 4001.

    2. On or about June 30, 2014, Eileen O'Tousa-Crowson (hereinafter "Debtor") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

    3. Timothy P. Branigan is the duly appointed Chapter 13 Trustee of the Debtor's bankruptcy estate.

4. At the time of initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Montgomery County, Maryland, and improved by a residence known as 217 High Timber Court, Gaithersburg, Maryland 20879 (hereinafter the "Property").

5. Movant is a secured creditor of the Debtor and the Movant's interest is evidenced by a Note dated October 18, 2006, and executed by Eileen Crowson, in the original principal amount of $284,000.00, with interest at the original note rate of 5.875%. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the promissory note is attached hereto.

6. Said promissory note is secured by a certain Deed of Trust also dated October 18, 2006 and recorded in the land records of Montgomery County, Maryland, related to the subject Property. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the deed of trust is attached hereto.

7. Movant now seeks relief from the automatic stay against the Debtor pursuant to 11 U.S.C. § 362(d) and Maryland Local Bankr. Rule 3070-1(a) for Debtor's failure to maintain post-petition adequate protection payments to Movant as required by the aforementioned promissory note and deed of trust. Maryland Local Bankr. Rule 4001-1(b)(5).

8. A statement of Debtor's accrued post-petition payment arrears, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows: (a) September 1, 2014 through November 1, 2014 payments of $1,286.41 each for a subtotal of $3,859.23;

9. A detailed statement of debt, required by Maryland Local Bankr. Rule 4001-1(b)(1), is itemized as follows:

| | |
|---|---|
| Unpaid Principal Balance | $252,230.14 |
| Accrued Interest | $5,820.32 |
| Escrow Advance | $2,463.95 |
| Total: | $260,514.41 |

2

This statement of debt is not equivalent to a verified payoff statement. If you wish to receive a verified payoff statement you must request one directly from the lender.

10. The Movant avers that there is no equity in the Property because the total liens against the Property exceeds its fair market value. The Maryland State Department of Assessments and Taxation's real property report dated January 1, 2014 values the Property at $226,100.00. Maryland Bankr. Rule 4001-1(b)(6).

11. Movant lacks adequate protection of its interest in the Property and Movant continues to be irreparably injured by the stay of 11 U.S.C. § 362(a).

12. Cause exists for terminating the automatic stay imposed by 11 U.S.C. § 362(a) to enable Movant to avail itself of its rights and remedies under its promissory note, security instrument, and state law, including but not limited to the commencement of foreclosure proceedings against the Property. Maryland Local Bankr. Rule 4001-1(b)(7).

13. In the event the automatic stay under 11 U.S.C. § 362(a) is terminated as to the subject Property, Movant may, at its discretion, discuss, offer and enter into any potential non-bankruptcy loss mitigation agreements, such as a forbearance agreement, a deed-in-lieu agreement or a loan modification agreement, with the Debtor.

WHEREFORE, the Movant, its assigns and/or successors-in-interest prays that this Court:

1. Enter an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) of the United States Bankruptcy Code to enable Movant to avail itself of its rights and remedies under the promissory note, deed of trust, and state law, including but not limited to the initiation of foreclosure proceedings against the property located at 217 High Timber Court, Gaithersburg, MD 20879 and to allow successful purchaser to obtain possession of same; and,

2. Grant such other and further relief as may be just and necessary.

Respectfully submitted,

 /s/ Gene Jung, Esq.

                                          Gene Jung, Esq., MD Fed. Bar No. 14950
                                        Brock & Scott, PLLC
                                        10630 Little Patuxent Parkway, Suite 147
                                        Columbia, Maryland  21044
                                        (410) 306-7821
                                        (410) 884-2826 facsimile
                                        Gene.Jung@brockandscott.com

*Counsel for Movant*

4

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this __11th__ day of __December__, 2014, to the extent that the following person(s) were not served electronically *via* the CM/ECF system, a copy of the foregoing Motion for Relief from Automatic Stay, was mailed by first class, postage prepaid, to:

| | |
|---|---|
| Justin Marcus Reiner, Esq.<br>1401 Rockville Pike<br>Suite 650<br>Rockville, MD 20852<br>*Counsel for Debtor* | Timothy P. Branigan<br>P.O. Box 1902<br>Laurel, MD 20725-1902<br>*Chapter 13 Trustee* |
| Eileen O'Tousa-Crowson<br>217 High Timber Court<br>Gaithersburg, MD 20879<br>*Debtor* | |

             __/s/ Cecily Perry__
             Cecily Perry

5